IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY KRESS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | **JURY TRIAL DEMANDED** |
| OPMNY, LLC d/b/a Merchant First and | § | |
| DOUG E. MERRYMAN | § | |
| | § | |
| *Defendants*. | § | |

## COMPLAINT

Plaintiff Barry Kress, by and through his attorneys, files this Complaint against OPMNY, LLC d/b/a Merchant First ("OPMNY") and Doug E. Merryman and alleges as follows:

### PARTIES

1. Plaintiff Barry Kress is an individual who resides at 8550 Castleton Way, Tyler, Texas 75703.

2. OPMNY is a limited liability company, duly organized and existing under the laws of the State of Nevada, and is doing business in Alameda County, California. OPMNY is owned by Doug E. Merryman (51%) and Brent Gephart (49%). Mr. Merryman resides in California. Mr. Gephart resides in Georgia. OPMNY may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for service of process, Corporate Service Center, Inc., 5605 Riggins Ct., Reno, Nevada 89502.

3. Doug E. Merryman is an individual who resides at 3746 Eastwood Way, Pleasanton, California 94588. Mr. Merryman may be served with process by delivering a

summons and a true and correct copy of this Complaint to 3746 Eastwood Way, Pleasanton, California 94588 or wherever he may be found.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Mr. Merryman and OPMNY because they have purposefully availed themselves of the laws of the State of Texas. OPMNY sought out a Texas resident – Mr. Kress – in order to offer him employment with OPMNY. OPMNY reached out to Texas to negotiate the terms of Mr. Kress's employment contract. That contract was executed by Mr. Kress in Texas, and Mr. Kress performed the great majority of his work under the employment contract in Texas. The employment contract also called for payments to be made to Mr. Kress, while he was in Texas. Mr. Merryman negotiated the employment contract with Mr. Kress while Mr. Kress was in Texas. Mr. Merryman committed a tort in Texas in the course of his negotiations with Mr. Kress when he knowingly made false, material representations regarding Mr. Kress's compensation. Mr. Merryman represented that Mr. Kress would benefit from certain revenue commitments (as set forth in greater detail below) that Mr. Merryman never intended to fulfill at the time of negotiation. Additionally, Mr. Merryman induced Plaintiff to enter into the employment agreement with the assurance that profit sharing or equity would follow after Plaintiff accepted employment.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. At the

time that the subject employment agreement was negotiated and executed, Plaintiff resided at 3511 Fox Arbor Lane, Katy, Texas 77494.

## FACTUAL BACKGROUND

7. OPMNY provides marketing, underwriting and settlement services to businesses and provides a payment gateway through which merchants can process and monitor their transactions, including credit card, gift card and ACH payments. In January 2016, OPMNY, through Mr. Merryman, reached out to Plaintiff to entice him to take employment with OPMNY. At the time, Plaintiff was employed by World Fuel Services, Inc. – a Fortune 500 company. Mr. Merryman negotiated an employment contract with Plaintiff on behalf of OPMNY. During the course of those negotiations, Mr. Merryman represented that Plaintiff, in addition to his salary, would be entitled to certain amounts for revenue commitments as compensation. Additionally, Plaintiff was promised profit sharing or equity in OPMNY. Mr. Merryman made these material representations, knowing they were false at the time, to induce Plaintiff to leave his existing employment in favor of OPMNY. Had Mr. Merryman not made these false commitments, Plaintiff would not have entered into an employment agreement with OPMNY. On January 25, 2016, Plaintiff executed an employment contract with OPMNY while he resided in Katy, Texas. A true and correct copy of the Employment Agreement is attached hereto as Exhibit A.

8. Under the Employment Agreement, Plaintiff was hired to be the Chief Technology Officer of OPMNY for a salary of $360,000.00 per year. Plaintiff was to report directly to OPMNY's co-founders Mr. Merryman and Brent Gephart. Plaintiff's start date at OPMNY was to be February 5, 2016. The Employment Contract was contingent on compensation with respect to the following revenue commitments which belonged to Plaintiff:

      a.      HTA[1] – 1/2 of revenue net of costs

      b.      HG[2] monthly billing - $6,000.00 on the hosting revenue

      c.      Bank Adaptor[3] – after all other reseller and costs have been paid – 1/2 split on ACH accounts going through

      d.      Cloud Terminals to Pace[4] - $2.00/month on all active terminals

      e.      Capital Bank[5] - $0.10 per transaction on Nick's transactions

      f.      Gift Card platform revenue – 1/2 of the revenue net of costs

*See* Exhibit A, Employment Agreement.

      9.      On February 5, 2016, Plaintiff began his employment with OPMNY and performed his duties and obligations as Chief Technology Officer while still a resident of Katy, Texas. Plaintiff relocated to Tyler, Texas in June 2017 and continued to perform his duties as Chief Technology Officer of OPMNY. Plaintiff was not compensated for the revenue commitments as set forth in the Employment Agreement, nor was profit sharing or equity made available to Plaintiff. Plaintiff made demands for the amounts due under the Employment Agreement in March 2016 and then again in July 2018. OPMNY and Mr. Merryman refused to honor the terms of the Employment Agreement and paid nothing to Plaintiff beyond his yearly salary. Based on OPMNY's failure to compensate Plaintiff as set forth in the Employment Agreement and as represented by Mr. Merryman, Plaintiff resigned as Chief Technology Officer of OPMNY on October 22, 2018.

---

[1] HTA stands for Highway Toll Administration (rental car toll transactions), which has generated in excess of approximately $1 million in revenue during Plaintiff's employment with OPMNY.
[2] HG stands for Hello Goodbye (travel reservations entity).
[3] Bank Adaptor is the ACH transaction gateway for OPMNY.
[4] Pace is a reseller that uses OPMNY.
[5] Capital Bank is a bank in the Republic of Georgia.

**COMPLAINT**                                    **PAGE- 4**

10. All conditions precedent to maintaining the causes of action below have been performed or have otherwise occurred.

## CAUSES OF ACTION

### Breach of Contract Against OPMNY

11. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 10 as though set forth fully herein.

12. The Employment Agreement is a valid and binding contract.

13. Plaintiff performed all of his obligations under the Employment Agreement.

14. By failing to compensate Plaintiff pursuant to the terms of the Employment Agreement, OPMNY breached the parties' contract.

15. OPMNY's breach of the Employment Agreement caused injury to Plaintiff.

### Fraudulent Inducement Against OPMNY and Merryman

16. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 15 as though set forth fully herein.

17. Defendants made material representations to Plaintiff regarding compensation and profit sharing or equity to induce him to leave his employment with World Fuel Services, Inc. and to join OPMNY. The representations were false and Defendants knew the representations were false at the time they made them. Plaintiff relied upon Defendants' material, false representations and left World Fuel Services, Inc. and joined OPMNY. Defendants' material, false representations caused Plaintiff injury.

### Quantum Meruit Against OPMNY

18. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 17 as though set forth fully herein.

19. Plaintiff provided valuable services and materials to and for OPMNY.

20. OPMNY accepted the services and materials from Plaintiff and had reasonable notice that Plaintiff expected compensation for the service and materials.

21. OPMNY failed to provide the expected compensation.

### Money Had and Received Against OPMNY

22. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 21 as though set forth fully herein.

23. OPMNY holds money that in equity and good conscience belongs to Plaintiff

### Attorneys' Fees

24. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 23 as though set forth fully herein.

25. Plaintiff has been required to engage the services of the undersigned attorneys to represent him in this case.  Accordingly, this suit is maintained against Defendants for reasonable attorneys' fees for the services expended and to be expended in the presentation of Plaintiff's claims through the trial court and at all levels in the appellate process pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code.  All conditions precedent necessary for the recovery of attorneys' fees by Plaintiff have been fulfilled.

### Punitive Damages

26. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 – 24 as though set forth fully herein.

27. Upon information and belief, the actions of Defendants were undertaken willfully and maliciously.  Upon information and belief, Defendants intentionally committed wrongful acts

of fraud and their actions were motivated by malice. Accordingly, Plaintiff is entitled to recover punitive damages.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the following relief:

a) Actual damages in an amount exceeding the minimum jurisdictional limits of this Court;

b) Punitive damages;

c) Reasonable and necessary attorneys' fees (including fees in responding to an unsuccessful appeal by Defendants) pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code;

d) Pre-judgment interest at the highest legal rate;

e) Post-judgment interest at the highest legal rate;

f) Taxable court costs; and

g) Such other and further relief, general or specific, at law or in equity, to which the Court finds Plaintiff justly entitled.

Dated:  October 23, 2018

Respectfully submitted,

/s/ *Todd C. Donohue*

Todd C. Donohue (Attorney-In-Charge)
State Bar No. 24026808
Southern District of Texas Bar No. 1097836
**THE WOLF LAW FIRM, P.C.**
1360 N. White Chapel Blvd.
Southlake, TX  76092
817-552-9653
817-552-0300 Facsimile
tdonohue@wolflawpc.com
**ATTORNEY FOR PLAINTIFF
BARRY KRESS**